UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALESSANDRO MASI, | |
| Plaintiff, | Case No. 17-cv-1553 (DLC) |
| *- against -* | ECF Case |
| BUZZFEED, INC., | |
| Defendant. | |

## ANSWER OF DEFENDANT BUZZFEED, INC.

Defendant BuzzFeed, Inc. ("BuzzFeed"), by its undersigned counsel, Cowan, DeBaets, Abrahams & Sheppard LLP, hereby answers the complaint of plaintiff Alessandro Masi ("Plaintiff") in this action dated March 1, 2017 ("Complaint"), as follows:

## NATURE OF THE ACTION

1.      BuzzFeed states that the allegations contained in Paragraph 1 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BuzzFeed denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and therefore denies same, except admits that this action purports to arise under the Copyright Act and seeks only monetary relief, and that this action purports to a photograph that Plaintiff claims to own.  BuzzFeed admits that it used on its website a photograph of four young participants in the Azov Battalion summer camp, but denies that it has infringed or that Plaintiff is entitled to any relief.

2.      BuzzFeed states that the allegations contained in Paragraph 2 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required,

admits that the claim purports to arise under the Copyright Act, and as such this Court would have subject matter jurisdiction.

3.     BuzzFeed states that the allegations contained in Paragraph 3 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, admits that BuzzFeed is doing business in New York, and as such would be subject to personal jurisdiction in this Court.

4.     BuzzFeed states that the allegation contained in Paragraph 4 is a conclusion of law as to which no responsive pleading is necessary, but to the extent any response is required, admits that venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     BuzzFeed denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and therefore denies same.

6.     BuzzFeed admits the allegations contained in Paragraph 6.

## STATEMENT OF FACTS

7.     BuzzFeed denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and therefore denies same.

8.     BuzzFeed denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, and therefore denies same.

9.     BuzzFeed denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and therefore denies same.

10.     BuzzFeed admits that it used the photograph purportedly taken by Plaintiff in an article on its website entitled "10 Incredible Photo Stories You Absolutely Can't Miss," at the

URL referred to in Paragraph 10, but denies that the photograph was featured "prominently," and refers to Exhibit B for the truth of the contents stated therein.

11.     BuzzFeed admits the allegations contained in Paragraph 11 but avers that no permission was necessary to use the photograph on its website.

## FIRST CLAIM FOR RELIEF

12.     BuzzFeed repeats each and every response set forth above as if fully set forth herein.

13.     BuzzFeed states that the allegations contained in Paragraph 13 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BuzzFeed denies that it infringed Plaintiff's copyright in the photograph.  BuzzFeed further admits that it is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the photograph, but avers that BuzzFeed did not need a license or other authorization because the use was a fair use under Section 107 of the Copyright Act or was otherwise non-infringing.

14.     BuzzFeed denies the allegations set forth in Paragraph 14.

15.     BuzzFeed denies the allegations set forth in Paragraph 15.

16.     BuzzFeed denies the allegations set forth in Paragraph 16.

17.     BuzzFeed denies the allegations set forth in Paragraph 17.

18.     BuzzFeed denies the allegations set forth in Paragraph 18.

19.     BuzzFeed denies the allegations set forth in Paragraph 19.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief does not necessitate responsive pleading, but BuzzFeed denies that Plaintiff is entitled to any of the relief sought therein.

## DEFENDANT BUZZFEED'S AFFIRMATIVE DEFENSES

BuzzFeed makes the following allegations as affirmative defenses against the claims asserted against it without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving the right to assert and rely upon other defenses that become available or appear during the course of this action.

### FIRST DEFENSE

1.      To the extent any copyright has been infringed, which BuzzFeed denies, BuzzFeed's actions were innocent and non-willful, and Plaintiff fails to identify any facts supporting its allegations of willfulness, including as set forth in Paragraph 15 of the Complaint, all of which allegations are made solely "upon information and belief."  Accordingly, Plaintiff fails to state a claim for enhanced damages.

### SECOND DEFENSE

2.      To the extent any copyright has been infringed, which BuzzFeed denies, the deposit copy of Plaintiff's claimed photograph is not included in the Complaint, the registration does not specifically identify the claimed photograph, and additional irregularities appear to exist in Plaintiff's asserted registration.  Plaintiff's claimed registration is therefore invalid and Plaintiff is not entitled to any statutory damages or attorney's fees accordingly pursuant to 17 U.S.C. § 412.

### THIRD DEFENSE

3.      To the extent any copyright has been infringed, which BuzzFeed denies, Plaintiff's claims are barred by the doctrine of fair use under 17 U.S.C. § 107.  BuzzFeed's use of the photograph was transformative in that BuzzFeed commented on the photograph itself and juxtaposed it among other carefully selected sample photographs used as part of BuzzFeed's

article that identified "10 Incredible Photo Stories You Absolutely Can't Miss," which further required use of the photograph in order to explain to readers why the particular story containing Plaintiff's photograph (among others photographs that Plaintiff is credited as having taken) was visually impactful. Without the specific use, including the use of the full photograph in a form sufficient to show the quality of the photograph, BuzzFeed would have been unable to achieve the objective of providing accurate editorial reporting on visually-focused news stories worth its readers' review. The use is therefore the type of "comment" and/or "news reporting" expressly referenced in 17 U.S.C. § 107 and is a quintessential fair use and otherwise is protected speech. BuzzFeed also transformed the purpose of using the photograph by using it as a means to traffic to Plaintiff's full feature that contains many photographs, much like a thumbnail photograph does, and if anything, BuzzFeed's use of the photograph for the purposes alleged is not only non-commercial as to BuzzFeed but enhances Plaintiff's market, rather than reducing it.

<u>FOURTH DEFENSE</u>

4.      To the extent any copyright has been infringed, which BuzzFeed denies, Plaintiff is not entitled to an award of attorney's fees under 17 U.S.C. § 505 in light of, *inter alia*, Plaintiff's failure to fully comply with registration requirements and BuzzFeed's good-faith defense of fair use.

BuzzFeed reserves the right to assert additional defenses as discovery in this case progresses.

WHEREFORE, BuzzFeed respectfully requests that this Court enter judgment in its favor and against Plaintiff, as follows:

1.      Denying all relief sought by Plaintiff in the Complaint;

2.      Dismissing the Complaint in its entirety with prejudice;

3.      Declaring that BuzzFeed has not infringed any copyright of Plaintiff's;

4.      Finding that Plaintiff is not entitled to damages or attorney's fees;

5.      Awarding BuzzFeed its costs, including reasonable attorney's fees in accordance

with 17 U.S.C. § 505; and

6.      Granting all such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        April 27, 2017

                        COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP


                        By:  ___/s/Eleanor M. Lackman_____
                             Eleanor M. Lackman
                             41 Madison Avenue, 38th Floor
                             New York, New York 10010
                             Tel.:  (212) 974-7474
                             Fax:  (212) 974-8474
                             elackman@cdas.com

                             *Attorneys for Defendant BuzzFeed, Inc.*